

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable O. Kennedy
County Attorney
Bee County
Beeville, Texas

Dear Sir:

Opinion No. O-6597
Re: Interpretation of Ar-
ticle 3891 and Senate
Bill No. 123, Regular
Session, 49th Legisla-
ture, 1945.

Your letter of June 26, 1945, requesting an opinion
of this department is, in part as follows:

"Bee County has a population of 16,481 in-
habitants according to the 1940 Federal Census,
and the county and precinct officers of said
county are compensated on a fee basis.

"When the Commissioners' Court increases the
compensation of said officials as authorized by
the provisions of Senate Bill No. 123, Acts of the
49th Legislature, Regular Session, 1945, do the
provisions of Article 3891, Vernon's Annotated
Civil Statutes, relative to the 1/3 excess fees
which are retained under said article still apply
when the Court increases the compensation of said
officials under S. B. No. 123?"

Senate Bill No. 123, Acts of the 49th Legislature,
1945, is an act amending Articles 3891, 3902, and Sections
13 and 15 of Article 3912e, V. A. C. S., allowing additional
compensation for certain district officers, county and pre-
cinct officers and for deputies, clerks and assistants;
repealing Section 2 of Article 3934.

Senate Bill No. 123 is in part as follows:

"Section 1. That Article 3891, Revised Civil
Statutes of Texas, 1925, as amended, be and the same
is hereby amended by adding thereto the following:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable O. Kennedy,    page 2

"'(a)  The Commissioners' Court is hereby authorized, when in their judgment the financial condition of the county and the needs of the officers justify the increase, to enter an order increasing the compensation of the precinct, county and district officers in an additional amount not to exceed twenty-five (25%) per cent of the sum allowed under the law for the fiscal year of 1944, provided the total compensation authorized under the law for the fiscal year of 1944 did not exceed the sum of Thirty-six Hundred ($3600.00) Dollars.'

"Sec. 2.  That Article 3902, Revised Civil Statutes of Texas, 1925, as amended, be and the same is hereby amended by adding thereto the following:

"'9.  The Commissioners' Court is hereby authorized, when in their judgment the financial condition of the county and the needs of the deputies, assistants and clerks of any district, county or precinct officer  justify the increase, to enter an order increasing the compensation of such deputy, assistant or clerk in an additional amount not to exceed twenty-five (25%) per cent of the sum allowed under the law for the fiscal year of 1944, provided the total compensation authorized under the law for the fiscal year of 1944 did not exceed Thirty-six Hundred ($3600.00)Dollars.'

"Sec. 3.  That Section 13 of Article 3912e, Revised Civil Statutes of Texas, 1925, as amended, be and the same is hereby amended by adding thereto the following:

"'(e)  The Commissioners' Court is hereby authorized, when in their judgment the financial condition of the county and the needs of the officers justify the increase, to enter an order increasing the compensation of the precinct, county and district officers in an additional amount not to exceed twenty-five (25%) per cent of the sum allowed under the law for the fiscal year of 1944, provided the total compensation authorized under the law for the fiscal year of 1944 did not exceed the sum of Thirty-six Hundred ($3600.00) Dollars.'

"Sec. 4.  That Section 15 of Article 3912e, Revised Civil Statutes of Texas, 1925, as amended, be and the same is hereby amended by adding thereto the following:

Honorable O. Kennedy,   page 3

        "'(b)  The Commissioners' Court is hereby au-
thorized, when in their judgment the financial con-
dition of the county and the needs of the officers
justify the increase, to enter an order increasing
the compensation of the precinct, county and dis-
trict officers in an additional amount not to exceed
twenty-five (25%) per cent of the sum allowed under
the law for the fiscal year of 1944, provided the
total compensation authorized under the law for the
fiscal year of 1944 did not exceed the sum of Thirty-
six Hundred ($3600.00) Dollars.'

        "Sec. 5.  That Section 2 of Article 3934, Revised
Civil Statutes of Texas, 1925, be and the same is
hereby in all things repealed; and all laws or parts
of laws in conflict with the provisions of this Act
are hereby repealed insofar as they conflict."

        In our Opinion No. O-6592, a copy of which is hereto at-
tached, it is stated:

        "The maximum ex-officio compensation which may be
allowed said Sheriff is any sum which, when added to
other compensation and excess fees allowed to be re-
tained by him under said Articles 3883 and 3891, does
not cause such officer to receive a total compensation
in excess of Three Thousand Seven Hundred and Fifty
Dollars ($3,750.00) per year.  In no event could the
fees of office and ex-officio compensation retained
by him exceed the maximum of Three Thousand Seven
Hundred and Fifty Dollars ($3,750.00).  In other
words, the maximum amount of compensation from any
source which he is allowed to retain cannot exceed
Three Thousand Seven Hundred and Fifty Dollars
($3,750.00) per year."

        In view of the foregoing it is the opinion of this depart-
ment that Senate Bill No. 123, supra, authorizes the Commis-
sioners' Court, when in their judgment the financial condition
of the county and the needs of the officers justify the in-
crease, to enter an order raising the maximum compensation
allowed by law to an amount not to exceed 25% of the sum al-
lowed for the fiscal year  of 1944.  In other words, it allows
the Commissioners' Court to raise by 25%  the maximum amount

Honorable O. Kennedy, page 4

of compensation from any source which he is allowed to retain. The 1/3 excess fees provided for by Article 3891 is included in the maximum.

Stated another way, no change in the manner and method of computing the total fees and compensation to be allowed such officers was made by Senate Bill No. 123, but it only raised the maximum amount allowed by 25%.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By    J. C. Davis, Jr.
        Assistant

By    John Reeves

JR:LJ

APPROVED JUL 7 1945

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN